**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| KOKAM CO., LTD. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-06-2171 |
| FMA, INC. | * | |
| Defendant. | * | |

FMA, INC.,                                    *

            Counter-Plaintiff,        *

        v.                                   *

KOKAM CO., LTD.                      *

            Counter-Defendant       *

    and                                    *

KOKAM AMERICA, INC.,           *

           Third-Party Defendant. *

****

**MEMORANDUM OPINION**

    Counter-Plaintiff FMA, Inc. ("FMA") alleges that Counter-Defendant Kokam Co., Ltd.

("Kokam") and Third-Party Defendant Kokam America, Inc. ("Kokam America") engaged in a civil

conspiracy to defame FMA and tortiously interfere with its contractual relations.  Presently before

the Court is Kokam America's Motion to Dismiss [19].  The motion has been fully briefed by the

1

parties and is ripe for consideration.  No hearing is deemed necessary.  <u>See</u> Local Rule 105.6 (D. Md. 2004).  Upon consideration of the arguments made in support of, and opposition to, the motion, the Court will DENY Kokam America's motion to dismiss.

## STANDARD OF REVIEW

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003) (quoting <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir. 1989)).  "If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question."  <u>Combs</u>, 886 F.2d at 676.  If the court chooses to rule without conducting an evidentiary hearing, relying solely on the complaint, affidavits, and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction."  <u>Carefirst</u>, 334 F.3d at 396.  "In deciding whether the plaintiff has made the requisite showing, a court must take all disputed facts and reasonable inferences in favor of the plaintiff."  <u>Id</u>.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are relevant to the instant motion.  In 2002 Kokam, a Korean company, and FMA, a Maryland corporation, entered into a contract for the promotion and sale of lithium polymer batteries.  FMA and Kokam cooperated to promote and sell batteries to the Naval Surface Warfare Center ("Navy") and in the Radio Control ("RC") consumer market.  When Kokam

America incorporated in the state of Arizona and established a headquarters in Missouri in 2005, it became the United States distributor for Kokam.  Thereafter, FMA was instructed to deal with Kokam America's managing partner, Joon Kim ("Kim" or "managing partner").  FMA alleges that Kim repeatedly advised it that Kokam America had become the main contact for their effort to sell batteries to the Navy.  FMA claims that on at least one occasion, Kokam America provided a price quotation to an employee at FMA for an order worth $30,000.  Furthermore, FMA claims that Kokam America accepted payment from, and shipped goods to, FMA's office in Maryland.

In April 2006 Kokam and Kokam America discontinued their commercial partnership with FMA.  FMA alleges that Kokam and Kokam America wrote and published defamatory comments at www.RCGroups.com, one of the premiere websites in the RC industry.  The comments were posted with Kim's name and contact information at Kokam America.  FMA also alleges that Kim made disparaging remarks to FMA's customers; two of these customer companies, First Technology Safety Systems  ("FTSS") and DTS, Inc. ("DTS") will no longer deal with FMA.

On August 22, 2006, Kokam commenced this action, alleging breach of contract.  On October 5, 2006, FMA commenced a counter-suit against Kokam, and added Kokam America as a Third-Party Defendant.  Subsequently, pursuant to Federal Rule of Civil Procedure 12(b)(2), Kokam America filed this Motion To Dismiss [19].  FMA opposes the motion.  The motion is ripe for consideration, and the Court now issues this opinion.

## DISCUSSION

I.    Applicable Law

A court may exercise personal jurisdiction over a nonresident defendant "if (1) an applicable state long-arm statute confers jurisdiction, and (2) the assertion of that jurisdiction is consistent with

constitutional due process." Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993). The courts have consistently held that Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 (2007), extends to the limits allowed by the Constitution under the due process clause of the Fourteenth Amendment. See Carefirst, 334 F.3d at 396-97. Therefore, the statutory inquiry merges with the constitutional inquiry. Id. A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state; these contacts must be so extensive that to require the defendant to litigate its interests in the state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Under the due process clause, specific jurisdiction is available when the nonresident defendant's contacts with the forum state provide the basis for the suit. See Carefirst, 334 F.3d at 397. In determining whether specific jurisdiction exists, the court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002).

Under the Supreme Court's due process clause analysis, personal jurisdiction exists for "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state[.]' [These parties] are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) (quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950)). In McGee v. Int'l Life Ins. Co., the Supreme Court ruled that the existence of one contractual relationship with

4

substantial ties to that state is enough to create specific jurisdiction.  355 U.S. 220, 223 (1957).  The premise that one transaction is enough to foster personal jurisdiction has been adopted by Maryland courts.  Jason Pharmaceuticals, Inc. v. Jianas Bros. Packaging Co., 617 A.2d 1125, 1128 (Md. Ct. Spec. App. 1993).

II.     Analysis

        In order to pursue its claim in Maryland, FMA must make a prima facie showing of personal jurisdiction by demonstrating that Kokam America is subject to this state's long-arm statute.  The statute confers personal jurisdiction over a party who, *inter alia*, "[t]ransacts any business or performs any character of work or service in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1).  Alternatively, the statute confers jurisdiction when an actor "[c]auses tortious injury in the State by an act or omission in the State."  Md. Code Ann., Cts. & Jud. Proc § 6-103(b)(3).  First, FMA claims that it and Kokam America transacted business within the state of Maryland, and that the alleged defamation shares a common nexus with that business.  Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1).  Furthermore, FMA claims that Kokam America conspired with Kokam to ruin FMA's reputation and interfere with its contracts in the state of Maryland.  Md. Code Ann., Cts. & Jud. Proc § 6-103(b)(3).

**Specific Jurisdiction from Transacting Business within Maryland**

        A court may exercise specific jurisdiction when a foreign entity purposefully transacts business with residents of the court's jurisdiction.  See Burger King, 471 U.S. at 475.  The Supreme Court has ruled that "individuals [or corporations must] have 'fair warning that a particular activity may subject [that entity] to the jurisdiction of a foreign sovereign[.]'" Id. at 472 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  For the fair warning requirement to be

5

fulfilled, there must be a showing that "the defendant has 'purposefully directed' his activities to the residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Id. A "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." August v. HBA Life Ins. Co., 734 F.2d 168, 173 (4th Cir. 1984) (quoting World-Wide Volkswagen, 444 U.S. at 297).

The Supreme Court has specified that the relevant factors in this consideration are: (a) prior negotiations, (b) contemplated future consequences, (c) terms of contract, and (d) the actual course of dealing. Burger King 471 U.S. at 479. In this jurisdiction, the burden of proof for the creation of such a relationship is high: "The Fourth Circuit has taken a restrictive view of the due process analysis of state long-arm statutes and has emphasized that a defendant's contacts with the forum state must be tantamount to physical presence in the state to satisfy due process." Johansson Corp. v. Bowness Constr. Co., 304 F. Supp. 2d 701, 704 (4th Cir. 2004). This relationship is commonly satisfied when the defendant has purposefully created his relationship with the state. Johansson, 304 F. Supp. 2d at 705.

The factors courts consider in making this "tantamount to physical presence" determination include "[where] the parties contemplated that the work would be performed, where negotiations were conducted . . . [and] where payment was made . . . . The strongest factor that seems to have emerged is a determination of whether the defendant initiated the business relationship in some way." Municipal Mortg. & Equity, LLC v. Southfork Apts. Ltd. Pshp., 93 F. Supp. 2d 622, 626-27 (4th Cir. 2000). Maryland courts have acknowledged that the "tantamount to physical presence test" is a sufficient substitute for actual physical presence: "[P]hysical presence within a state is not a necessary prerequisite to the proper assertion of personal jurisdiction ... certain acts and effects of

those acts may be the basis for a court to exercise jurisdiction of a nonresident as well as a person who has not physically entered within the territorial borders of the state." Mackey v. Compass Mktg., 892 A.2d 479, 483 (Md. 2006).

Here, viewing the facts in the light most favorable to the non-movant, the Court believes that FMA has successfully set forth a prima facie case that Kokam America is subject to personal jurisdiction in Maryland.   Before Kokam founded Kokam America, it relied upon FMA to market and sell its batteries.  When Kokam America incorporated, executives at Kokam chose to transition from direct dealings with FMA to dealing with it through Kokam America.  On several occasions, FMA's contacts at Kokam and Kokam America directed FMA's leadership to deal exclusively with Kokam America for non-RC business.   "When a foreign corporation... targets residents in an ongoing effort to further a business relationship, and achieves its purpose, it may... be []reasonable to subject that corporation to forum jurisdiction when the efforts lead to a tortious result." Merced v. JLG Indus., Inc., 170 F. Supp. 2d 65, 74 (D. Mass. 2001) (citing Nowak v. Tak How Invs., 94 F.3d 708, 716 (1st Cir. 1996)).  When there is a "meaningful link between" the contact with a forum resident and "the harm suffered[,]" it is "imprudent to reject jurisdiction at [the] early stage of the inquiry." Nowak, 94 F.3d at 717.  Therefore, since Kokam and Kokam America established the relationship with FMA, and a tortious result is alleged to have resulted from that relationship, the Court will not reject jurisdiction at this stage of the inquiry.

Further, there is a profusion of evidence that FMA and Kokam America were engaged in a joint venture to build batteries for the Navy.  FMA would have continued dealing with Kokam itself, but for the instruction of executives at both Kokam and Kokam America that FMA should do business with Kokam America.  Therefore, the Court finds that Kokam America initiated the

relationship with FMA.  Furthermore, the Court believes that Kokam America purposefully availed itself of the Maryland forum by (1) sending price quotations to Maryland, (2) shipping batteries to Maryland, and (3) negotiating via telephone and email with FMA executives at their headquarters in Maryland.  Further, there is evidence that Kokam America has systematic and ongoing contacts with Maryland; five retailers carry the Kokam products it distributes. See Young Again Prods. v. Acord, 307 F. Supp. 2d 713, 717 (D. Md. 2004) (stating that "jurisdiction is authorized under Maryland's long-arm statute because Defendants transacted business in Maryland within the meaning of § 6-103(b)(1)").   As a result of the negotiations and transactions between Kokam America and Maryland residents, the Court finds that Kokam America conducted business in Maryland, and that the alleged defamation was related to that business..

Still, Kokam America asserts that it did not maintain sufficient contacts with Maryland to be subject to jurisdiction, citing precedent that specifies phone calls to, and correspondence with, a forum are insufficient to establish personal jurisdiction. Bond v. Messerman, 895 A.2d 990, 1001 (Md. 2006).  However, there was much more than mere correspondence between Kokam America and FMA. Here, the electronic correspondence that Kokam America tries to discount was the means for communication in an underlying business relationship.  The companies used the technology to exchange purchase orders, price quotations, and to collaborate for the Navy contract.  The rationale in Bond merely protects those whose sole contact with a forum is electronic correspondence.  An underlying business relationship, as is seen here, negates the usefulness of Bond.  Furthermore, the Court believes that these facts are sufficient to meet the criteria established by Municipal Mortgage. Since the standard for establishing jurisdiction under Municipal Mortgage is higher than that set by the Supreme Court, the requirements of Burger King are met.

Kokam America protests that the defamation alleged by FMA does not share a common nexus with its dealings in Maryland, arguing that specific jurisdiction is inapplicable. However, Kokam America's alleged defamation consists of assertions that FMA acted in an unethical and dishonest manner in its dealings with Kokam America.[1] Kokam America's alleged efforts to destroy FMA's reputation have been effective because of their past dealings with FMA in Maryland; further, Kokam America possess's FMA's customer list as a result of the former business partnership between the two companies. FMA alleges that Kokam America is defaming it in order to steal its customers. See Blue Ridge Bank v. Veribanc, Inc., 755 F.2d 371, 374 (4th Cir. 1985) (finding personal jurisdiction in Virginia where a foreign bank defamed a Virginia bank in order to steal the Virginia bank's customers.) Thus, there is a common nexus between FMA and Kokam America's past dealings in Maryland and the alleged defamation.

The Court believes that Kokam America purposefully availed itself of the Maryland forum. Furthermore, the Court also finds that the assertion of jurisdiction is consistent with due process. See Burger King, 471 U.S. at 476. The standard for due process is that the court's exercise of jurisdiction must "not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316. When a defendant is found to have purposefully availed himself of a forum he may try to present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King, 471 U.S. at 477. In trying to satisfy the burden of proof, the defendant may ask the Court to "evaluate 'the burden on the defendant,' 'the forum State's

---

[1]Kokam America's alleged defamation consists of accusations of unethical behavior by FMA on www.RCGroups.com, a website that FMA alleges its customers frequent. Further, the managing partner at Kokam America is alleged to have verbally maligned FMA to its customers.

interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies." Id (quoting World-Wide Volkswagon, 444 U.S. at 292).   Here, Kokam America has failed to sufficiently address any of the criteria the Supreme Court has set forth for successfully protesting along the lines of due process.   Therefore, the Court finds that the exercise of personal jurisdiction in Maryland is consistent with due process.

**Specific Jurisdiction Based on Tortious Injury in Maryland**

Since this Court exercises specific jurisdiction under the long arm statute at Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1), it is unnecessary to examine other possible grounds for jurisdiction in depth.   However, FMA raises other potentially viable grounds on which the Court could exercise jurisdiction.   Under Md. Code Ann., Cts & Jud. Proc. § 6-103(b)(3) the Court can exercise jurisdiction when tortious injury is caused inside the state.   A court may exercise jurisdiction when libelous comments are made outside of the state but "[another state is] the focal point both of the story and the harm suffered." Carefirst, 334 F.3d at 398 (quoting Calder v. Jones, 465 U.S. 783, 789 (1984).   Carefirst explained that "a court may exercise specific personal jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident." 334 F.3d at 398.   This Court, for the purpose of making a finding of personal jurisdiction, agrees with FMA's allegation that Kokam America's managing partner's verbal defamation was intended to interfere with FMA's Maryland based business dealings.   Further, accepting FMA's interpretation of the facts, the focal point of the electronic defamation was Maryland because the

comments were reasonably calculated to reach FMA's Maryland customers and the resulting harm therefrom has been realized in Maryland.  Therefore, the Court concludes that FMA has set forth a prima facie case establishing that Kokam America is subject to personal jurisdiction in Maryland for tortious conduct.

### CONCLUSION

For the aforementioned reasons, the Court will DENY Kokam America's Motion to Dismiss [19].  An Order consistent with this Memorandum Opinion will follow.


June 13, 2007                                         /s/
Date                                         Alexander Williams, Jr.
                                             United States District Judge